# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: VICTOR VALDEZ and  
      YVONNE VALDEZ,

No. 13-06-12431 MA

Debtors.

## ORDER ON CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of Debtors' Chapter 13 Plan. At issue is whether Debtors may provide for payment in full to CitiFinancial Mortgage Company, Inc. ("Citifinancial") through a sale or surrender of certain residential real property without making the regular monthly mortgage payments to Citifinancial pending such sale. Citifinancial asserts that Debtors must proceed under 11 U.S.C. § 1322(b)(5)[1], and that this section's requirement of "maintenance of payments while the case is pending" means that the Debtors must make the regular monthly payments to Citifinancial pending the sale of the property. Debtors counter that by paying CitiFinancial in full they are not modifying the creditor's rights, that the language of 11 U.S.C. § 1322(b) is permissive, not mandatory, and that the plan which provides for payment of Citifinancial's claim from property of the estate is confirmable, citing *In re Erickson,* 176 B.R. 753 (Bankr.E.D.Pa. 1995).

---

[1] That section provides:
> (b) Subject to subsections (a) and (c) of this section, the plan may --
> . . .
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5).

1

BACKGROUND

Debtors filed a voluntary petition under Chapter 13 of the bankruptcy code on December 27, 2006. Pre-petition, Debtors executed and delivered a note and mortgage to Citifinancial in the principal amount of $113,584.00 for the purchase of certain real property located at 600 County Hills Court, NW, Albuquerque, New Mexico 87114 ("Property"). As of the petition date, Debtors were in arrears to Citifinancial for seven mortgage payments. There are two other creditors with liens against the Property: Specialized Loan Servicing, which has a second mortgage on the Property, and Ventana Ranch Community Association. Debtors' Chapter 13 Plan provided for payments to the Chapter 13 Trustee of $1,212.00 per month for a period of 56 months. The Chapter 13 plan also provided for payment to Citifinancial pursuant to the terms of its note and mortgage, and payment of the estimated pre-petition arrears in the amount of $8,231.00 through the plan. Debtors have not made any of the regular monthly mortgage payments to Citifinancial since the date of the filing of their bankruptcy petition. Citifinancial filed a proof of claim for a secured claim in the amount of $120,287.21, including the pre-petition arrearage in the amount of $8,230.92 plus interest at 8.25%. Citifinancial also filed a motion for relief from the automatic stay. (*See* Docket #21).

In March of 2007, Debtors filed a pre-confirmation Amendment to Chapter 13 Plan, which deleted section IV of the plan providing for payment of the secured claims against the Property, and modified the plan as follows:

a) monthly payments under the Plan will be in the amount of $1,212.00 for the first two months, and $805.00 per month for the fifty-four months thereafter; and

b) within one year from the date an order confirming plan is entered, Debtors will sell the Property, and apply the proceeds from the sale as follows: (I) payment of closing costs; (ii) payment in full of any secured claim secured by the home; (iii)

2

> $60,000.00 to the debtors representing their homestead exemption; (iv) any remaining balance to the Chapter 13 Trustee as additional payments under the plan.

The Amendment to Chapter 13 Plan, specifically provided that

> **Until the home is sold, debtors shall make no further mortgage payments on the home and shall make no other payments on claims secured by the home. The Trustee shall not make any payments on claims secured by the home.** If the home is not sold within one (1) year from the date an Order Confirming Plan is filed, debtors shall surrender their interest in the home.

At the final hearing on confirmation, Citifinancial and the Debtors stipulated that the current value of the Property is $186,000.00. Citifinancial is, therefore, oversecured. Debtors have filed an Application to Employ Real Estate Broker for Debtors ("Application to Employ") to list and sell the Property. (*See* Docket # 33). The Application to Employ provides that the broker will be compensated from the sale of the Property by a sales commission in the amount of 4% of the sales price, plus applicable gross receipts tax. *Id.* Although the Amended Plan provides for sale or surrender within one year of confirmation, counsel for the Debtors agreed at the final hearing on confirmation to reduce the period to three to six months. The Chapter 13 Trustee did not take a position on the issue of whether the Amended Plan which proposes to pay Citifinancial through a sale of the Property is confirmable if it does not provide for payment of the regular, post-petition, monthly payments pending the sale. The Court denied Citifinancial's motion for relief from the automatic stay.

## DISCUSSION

Section 1322(b)(2) limits a debtor's ability to modify the rights of creditors whose claim is secured "only by a security interest in real property that is the debtor's principal residence." Notwithstanding the limitation of 11 U.S.C. § 1322(b)(2), 11 U.S.C. § 1325(b)(5) allows a

3

debtor to "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending . . ." 11 U.S.C. § 1322(b)(5). Citifinancial argues that Debtors are bound to proceed under 11 U.S.C. § 1322(b)(5), and that, because Debtors' Amended Plan does not provide for continuing regular monthly mortgage payments, it fails to meet the "maintenance of payments" requirement. Consequently, Citifinancial maintains that the Debtors' Amended Plan cannot be confirmed. This Court disagrees.

In *Erickson,* the bankruptcy court considered a chapter 13 plan which proposed to sell certain real property, the proceeds of which would be used to pay all allowed secured claims and certain listed priority claims in full, and pay all other priority and unsecured creditors on a pro rata basis. *Erickson,* 176 B.R. at 755. Although the *Erickson* court denied confirmation of the debtors' plan because it failed to specify the terms for the listing of the property for sale and contained no provision for remedies to secured creditors if the sale was not successful, the court expressly rejected the use of 11 U.S.C. § 1322(b)(2) and (b)(5) to prohibit confirmation of a plan that is dependent upon a proposed sale of the debtor's residential real property. *Id.* at 757. Instead, the court stated that "[s]ale plans generally do not *per se* modify secured creditors' rights; they merely delay immediate payment to creditors in consideration for what is often accelerated full payment", finding that "§ 1322(b)(8) [authorizing a plan to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor"] . . . clarifies that a sale plan is not contrary to the limitations [on] modifications of mortgages addressed elsewhere in § 1322(b)." *Id.*

Several courts disagree with this approach, and find, instead, that "any proposal to toll a debtor's obligation of periodic debt service works a modification of the mortgagee's contractual

4

rights in violation of § 1322(b)(2), whether the tolling is indefinite or for a fixed term." *In re Newton,* 161 B.R. 207, 217 (Bankr.D.Minn. 1993). *See also, In re Gavia,* 24 B.R. 573, 575 (9th Cir. BAP 1982) (per curiam) ("Withholding current installments, however, creates rather than cures a default."); and *In re Proudfoot,* 144 B.R. 876, 878 (9th Cir. BAP 1992) (per curiam) (reversing bankruptcy court's order confirming plan that proposed to sell property to pay off creditor but failed to provide for payment of the regular mortgage payments). However, in denying confirmation of a debtor's plan which proposes to pay secured creditors through a sale of property, many courts also focus on the feasibility requirement for confirmation found in 11 U.S.C. § 1325(a)(6). *See, e.g., In re Pruett,* 178 B.R. 7, 9 (Bankr.N.D.Ala. 1995) (denying confirmation of plan which proposed sale of real estate where no market prices were established, noting "that a plan to sell property in the future at an unspecified price is not feasible."); *In re Hogue,* 78 B.R. 867, 874 (Bankr.S.D.Ohio 1987) (finding that plan which proposed to fund plan through sale or refinancing of debtors' residence failed to meet feasibility requirement under § 1325(a)(6)); and *Gavia,* 24 B.R. at 574. Where a proposed sale is too uncertain, the plan is infeasible and confirmation must be denied. *See, e.g., In re Vieland,* 41 B.R. 134, 140 (Bankr.N.D.Ohio 1984) (finding that § 1322(b)(8) cannot be used if the sale is merely speculative); *In re Tucker,* 34 B.R. 257, 263 (Bankr.W.D.Okla. 1983) (finding that "debtors must do more than simply state that assets will be sold sometime in the future[;] they must bear the burden of showing a likelihood of consummating their proposed sale."). But a plan which proposes to cure by selling property and paying the secured creditor in full with the proceeds from the sale can "pass muster" if it includes the specific terms under which the debtor proposes to market and sell the property, including the listing price and the length of the listing agreement,

5

as well as a default remedy to relieve affected secured creditors from the automatic stay if the sale fails to close within the proposed term. *Newton,* 161 B.R. at 216-217.

In this case, the Debtors initially filed a plan that proposed to continue making the regular monthly payments to Citifinancial and cure the pre-petition arrears through the plan. However, they have not been able to make the regular monthly mortgage payments to Citifinancial in addition to the monthly plan payments to the Chapter 13 Trustee. Faced with this tough reality, the Debtors amended their plan to attempt to sell the Property and pay Citifinancial in full. They have also filed a motion seeking to employ a broker to market and sell the Property. These facts are similar to the facts presented in *Far West Federal Bank v. Vanasen (In re Vanasen),* 81 B.R. 59 (D.Or. 1987), a case which considered a debtor's proposal to sell their property in the face of the creditor's request for relief from stay. In *Vanasen,* the debtors confirmed a plan which proposed to maintain the regular monthly payments to the mortgagee; however, they defaulted post-confirmation and the creditor sought relief from the automatic stay. In affirming the bankruptcy court's denial of the creditor's request for relief from the automatic stay, the court reasoned that

> [T]he Bank has an adequate security cushion which protects it from economic harm. Allowing the debtors a reasonable time to sell the property and pay the debt does not "so affect" the Bank's rights as to violate section 1322(b)(2). (citation omitted). The Bank is merely faced with a delay . . . . The Bank is adequately protected and will be paid in full within a reasonable time.

*Vanasen,* 81 B.R. at 62.

Based on the fact that 11 U.S.C. § 1322(b)(8) contemplates a debtor's sale of property to "provide for the payment of *all* or a part of a claim against the debtor", the fact that the Debtors requested a limited time period within which to effectuate the sale, the fact that the Debtors have

6

already taken steps to employ a broker and market the property, and the fact that there is sufficient equity in the Property to protect Citifinancial's security interest, the Court finds that the Amended Plan can be confirmed, provided, however, that the order confirming the Debtors' Amended Plan provides for termination of the automatic stay as to Citifinancial if the Debtors are unable to sell the Property within the specified term. Counsel for the Debtors indicated at the final hearing on confirmation that the Debtors would agree to reduce the sale period from one year to three to six months. Four and one half months have elapsed since the Debtors filed their voluntary petition, and two months have passed since the Debtors filed their Amended Plan. The Court, therefore, finds that four months from the date of entry of this Order is a reasonable period within which Debtors should be allowed to complete a sale of the Property, after which time the stay as to the Property will terminate.

WHEREFORE, IT IS HEREBY ORDERED, that the confirmation of Debtors' Amended Plan is GRANTED, conditioned upon the inclusion of a provision for termination of the automatic stay as to the Property if the Debtors are unable to complete a sale of the Property within four months of the date of entry of this Order. If the Debtors consent to the condition for confirmation contained herein, they should submit a confirmation order within ten days of the date of entry of this Order, approved as to form by counsel. If no confirmation order is submitted within that time, the Court will enter an order denying confirmation of Debtors' Chapter 13 plan.

_____
MARK B. McFEELEY
United States Bankruptcy Court

COPY TO:

Gerald R Velarde  
Attorney for Debtors  
2531 Wyoming Blvd NE  
Albuquerque, NM 87112-1027

Sharon Hankla  
Attorney for CitiFinancial Mortgage Company, Inc.  
13725 Struthers Rd., Suite 201  
Colorado Springs, CO 80921-2451

Kelley L. Skehen  
Chapter 13 Trustee  
625 Silver Avenue SW Suite 350  
Albuquerque, NM 87102-3111

8